## UNITED STATES v. MARSCHING & CO.

(Circuit Court, S. D. New York. November 4, 1909.)

### No. 4,116.

CUSTOMS DUTIES (§ 24*)—CLASSIFICATION—COLORS CONTAINING LEAD.

    The provision for "colors * * * not containing quicksilver, but * * * containing lead," in Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 54, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630), is a more specific enumeration of colors containing lead than the provision for "colors * * * not otherwise specially provided for," in paragraph 58, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630).

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 24.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision of the Board of General Appraisers (G. A. 6,144, T. D. 26,689) sustained the importers' protests against the assessment of duty by the collector of customs at the port of New York. The Board's opinion reads as follows:

McCLELLAND. General Appraiser. * * * The special reports of the appraiser set forth that the merchandise "consists of various enamel colors used in decorating porcelain and glass." * * * Although the return of the appraiser on the invoices—"colors"—is the same in each case, and the special reports above quoted treat the merchandise involved in each of these protests as being the same and used for the same purposes, the samples thereof, offered and received in evidence on the hearing, differ from each other in appearance and composition. These samples were submitted for analysis to the official chemist in the appraiser's office at the port of New York, and he reports on them as follows:

"Exhibit 1, protest 125,610, pink, No. 4: Tin, gold, and silver; lead oxide; lime; alumina: soda; silica; traces of iron oxide.

"Exhibit 1, protest 125,611, enamel, 649: Lead and zinc oxides; lime; silica; traces of iron oxide."

The record before us is not as complete as we wish it might have been. But one witness was examined on the hearing—a member of the protesting firm. And since there was no attempt on the part of the government to controvert his testimony, we see no reason why it should not be accepted, in so far as it may be a guide in the determination of the issues involved. As to the first item—Exhibit 1, 125,610, pink, No. 4—the witness frankly states that the merchandise is a color used for decorating chinaware. And as to the second item—Exhibit 1, 125,611, enamel, 649—the evidence is that it is to give a

white glaze or polish to glass. Before being applied to the glass it is mixed with water, and in the form of a paint is put on the glass with a brush and then fired.

We have no doubt that on the record before us the finding is justified that each of the two kinds of merchandise involved is a color; but it does not follow that the collector's classification is correct. One of the claims of protestants is that the merchandise is dutiable at 5 cents per .pound under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 54, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630), which reads: "Vermilion red, and other colors containing quicksilver, dry or ground in oil or water, ten cents per pound; when not containing quicksilver, but made of lead or containing lead, five cents per pound." And paragraph 58, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630), under which the collector's classification was made, reads: "All paints, colors, pigments, lakes, crayons, smalts and frostings, whether crude or dry or mixed, or ground with water or oil or with solutions other than oil, not otherwise specially provided for in this act, thirty per centum ad valorem."

It would seem as though the sole question to be determined is under which of these two paragraphs should classification be made, and we are of opinion that the language of paragraph 54 for colors "when not containing quicksilver but made of lead or containing lead," is more specific than that of paragraph 58 for "paints, colors, * * * not otherwise specially provided for," and must control in determining these issues.

The claim in the protests that the merchandise is dutiable at 5 cents per pound under paragraph 54 is therefore sustained as to the items noted.

D. Frank Lloyd, Dep. Asst. Atty. Gen. (Charles D. Lawrence, of counsel), for the United States.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

PLATT, District Judge.    Decision affirmed.